UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Marisa Brunett,

    Plaintiff,

v.                                                                          CASE NO.:

NIRVANA HEALTH SERVICES, INC.
a Florida Corporation, and SHAM MAHARAJ,
Individually, NIRVANA SPORTS MEDICINE
AND REHABILITATION SERVICES, LLC,
a Florida Limited Liability Company, and
LEO MENDEZ, Individually,

    Defendants.                                          /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Marisa Brunett ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, NIRVANA HEALTH SERVICES, INC.seS ("NIRVANA HEALTH"), a Florida Corporation, SHAM MAHARAJ ("MR. MAHARAJ"), Individually, NIRVANA SPORTS MEDICINE AND REHABILITATION SERVICES, LLC ("NIRVANA SPORTS"), a Florida Limited Liability Company, and LEO MENDEZ ("MR. MENDEZ"), Individually (hereafter collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1.    In enacting the Family Medical Leave Act, as amended, 29 U.S.C § 2601, et seq. (the "FMLA"), Congress found that "it is important for the development of children and the family unit that fathers and mothers be able to

1

participate in . . . the care of family members who have serious health conditions." 29 U.S.C. § 2601(a)(2). As such, the FMLA provides eligible employees, like Plaintiff, with unpaid, job-protected leave in order to care for the spouse, or a son, a daughter, or parent, of the employee.

2. Accordingly, Plaintiff, Marisa Brunett, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendants for back pay, an equal amount as liquidated damages, other monetary damages, compensatory damages, emotional distress, punitive damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs. Plaintiff also brings this action for damages against Nirvana Health and Nirvana Sports for violations of the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 et seq., ("COBRA") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA")

## JURISDICTION

3. The Court has Jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, COBRA and ERISA, and the authority to grant declaratory relief under the FMLA, COBRA and ERISA, and pursuant to 28 U.S.C. § 2201 et seq.

4. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Seminole County, Florida.

## PARTIES/GENERAL ALLEGATIONS

5. At all times material to this action, NIRVANA HEALTH was and continues to be a Florida for Profit Corporation.

6. At all times material to this action, Mr. MAHARAJ was an individual resident of the State of Florida, who owned and operated NIRVANA HEALTH and who regularly exercised the day-to-day authority to: (a) hire and fire employees of NIRVANA HEALTH; (b) determine the work schedules for the employees of NIRVANA HEALTH and (c) control the finances and operations of NIRVANA HEALTH.  By virtue of having regularly exercised that authority on behalf of NIRVANA HEALTH, MR. MAHARAJ is/was an employer as defined 29 U.S.C. § 201, et seq.

7. At all times material to this action, NIRVANA SPORTS, was and continues to be a Florida Limited Liability Company.

8. At all times material to this action, LEO MENDEZ, was an individual resident of the State of Florida, who owned and operated NIRVANA HEALTH and NIRVANA SPORTS, and who regularly exercised the day-to-day authority to hire and fire employees of NIRVANA HEALTH and NIRVANA SPORTS, controlled the manner in which the employees performed their work, determined the work schedules for the employees of NIRVANA HEALTH and NIRVANA SPORTS, provided such employees with all equipment/tools necessary to perform their duties, determined their rates of pay, maintained the employment records for such

employees, and controlled the finances and operations of NIRVANA HEALTH and NIRVANA SPORTS. By virtue of having regularly exercised that authority on behalf of NIRVANA HEALTH, NIRVANA SPORTS, MR. MENDEZ, is/was an employer as defined 29 U.S.C. § 201, et seq.

9. Further, at all times material to this action, Defendants were, and continue to be, engaged in business in Florida, doing business, among other counties, in Orange County, Florida.

10. At all material times, Defendants NIRVANA HEALTH and NIRVANA SPORTS, were jointly owned by Defendant MR. MENDEZ who had both entities performing related medical activities. On a day-to-day basis, MR. MENDEZ exercised the right to hire/fire all employees, including, but not limited to Plaintiff, he supervised such employees, made their schedules, determined their rate of pay and maintained their employment records.

11. Upon information and belief, while Plaintiff was out on FMLA leave, Defendant MR. MAHARAJ purchased all or substantially all of Defendant, NIRVANA HEALTH's, assets, property and employees from MR. MENDEZ. Defendant, MR. MAHARAJ continued to employ all or most of the same employees and management team of NIRVANA HEALTH to perform the same medical activities for all or most of the same patients that they previously performed medical activities/services for when NIRVANA HEALTH was owned by MR. MENDEZ. As the owner and CEO of NIRVANA HEALTH, MR. MAHARAJ regularly exercises his authority, on a day-to-day basis, to hire/fire employees, including, but not limited to

4

Plaintiff, he supervises such employees, he controls all aspects of the manner of their work, he provides such employees with the tools/equipment necessary to perform their duties, makes their schedules, determines their rate of pay, maintains their employment records and controlled the operations and finances of NIRVANA HEALTH.

12. From February 1, 2016, until her termination in April 2019, Plaintiff was jointly employed as the Director of Public Relations and Business Development for NIRVANA HEALTH and NIRVANA SPORTS.

13. Throughout her employment, Plaintiff constantly worked and was jointly employed by NIRVANA HEALTH and NIRVANA SPORTS as she took directions from both entities in the performance of her duties in the areas of public relations and business development services. Throughout most of her employment, NIRVANA HEALTH and NIRVANA SPORTS were jointly owned by MR. MENDEZ and under his direction, both entities jointly had the authority to hire/fire Plaintiff, controlled the manner of her work, created her work schedule, provided her with assignments, provided her with the equipment/tools necessary to complete the essential functions of her position, reimbursed her for reasonable expenses and paid Plaintiff's wages/maintained Plaintiff's employment records.

14. At all times material to this action, all Defendants were, and continue to be "employers" of Plaintiff within the meaning of the FMLA.

15. NIRVANA HEALTH and NIRVANA SPORTS are "employers" under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

16. At all times relevant hereto, Plaintiff worked at locations where NIRVANA HEALTH and/or NIRVANA SPORTS employed 50 or more employees within 75 miles either collectively as joint employers or individually.

17. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA. Based on the fact that she was employed by the Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior their seeking to exercise her rights to FMLA leave.

18. Upon information and belief, while Plaintiff was out on approved FMLA leave between February 2019 and April 2019, NIRVANA HEALTH, was bought out, purchased and acquired in full, including all or substantially all of NIRVANA Health's management team, employees, physical business locations, assets and personnel by MR. MAHARAJ. Under the new ownership and control of MR. MAHARAJ, NIRVANA HEALTH also still provides the same services as it did under the prior ownership to almost all of the same patients using the substantially the same management team, employees, business locations and equipment/supplies. In essence, MR. MAHARAJ has continued the same or substantially the same business operations of NIRVANA HEALTH, as his predecessor, MR. MENDEZ.

19. Upon information and belief, while Plaintiff was out on approved FMLA leave between approximately February 2019 and April 2019, NIRVANA SPORTS also continued to jointly employ Plaintiff under the primary direction and control of MR. MENDEZ.

20. Upon information and belief, MR. MAHARAJ, expressly or impliedly assumed the debts and liabilities of his predecessor, MR. MENDEZ. As such, a *de facto merger* and/or a mere continuation of MR. MENDEZ's businesses occurred when MR. MAHARAJ purchased all or substantially all of NIRVANA HEALTH's management team, employees, physical business locations, assets and personnel.

21. At all times material to this action, MR. MAHARAJ's complete and total acquisition of NIRVANA HEALTH makes MR. MAHARAJ and NIRVANA HEALTH successors-in-interest to the prior owner of NIRVANA HEALTH, MR. MENDEZ. MR. MAHARAJ assumed and continues to use the same or substantially the same management teams, employees, physical business locations, assets and personnel which were previously employed and/or owned by MR. MENDEZ. Accordingly, MR. MENDEZ as well as MR. MAHARAJ and NIRVANA HEALTH and NIRVANA SPORTS MEDICINE AND REHABILITATION SERVICES, LLC remain jointly and severally liable for any and all damages incurred by Plaintiff under the FMLA pursuant to the joint employer and successor-in-interest doctrines.

22.	Under the FMLA, an "employer" is also defined as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *See* 29 CFR § 825.104.

23.	At all times material to this action, MR. MENDEZ and MR. MAHARAJ, individually acted directly and/or indirectly in the interest of both relevant corporate entities at issue here, NIRVANA HEALTH and NIRVANA SPORTS, by directly and/or indirectly interfering with Plaintiff's right to take FMLA by requiring her to return from leave earlier than what was agreed on, by failing to return Plaintiff back to her same or substantially same position with Defendants once she returned from FMLA leave on April 29, 2019, and by terminating her employment/refusing to employ Plaintiff once her FMLA leave was completed despite the fact that Plaintiff expressly notified all Defendants she was ready, willing and able to work.

## FMLA ALLEGATIONS

24.	At all times relevant to this action, NIRVANA HEALTH and NIRVANA SPORTS, failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to FMLA. Defendants interfered with Plaintiff's right to take FMLA leave, and discriminated and retaliated against Plaintiff because she took FMLA leave.

25.	During her employment with Defendants, in February 2019, Plaintiff applied for FMLA leave to take care of her ailing mother.

8

26. On February 1, 2019, Defendants approved Plaintiff's FMLA leave from February 1, 2019 to May 1, 2019.

27. Plaintiff was pressured to return to work a few days before her agreed leave expired by Defendants, and, in fact, did so based on this improper and unlawful pressure.

28. On April 29, 2019, Plaintiff attempted to return to work, but learned from Defendants that her position was eliminated while she was on FMLA-approved leave.

29. On April 29, 2019, Plaintiff specifically asked NIRVANA HEALTH, MR. MAHARAJ, NIRVANA SPORTS, and an administrator/co-owner of NIRVANA SPORTS, Glynn Stiles, to be placed back into her prior position under the same terms/conditions of her prior employment, but all such Defendants refused.

30. Plaintiff was allegedly offered a new position as a sales and marketing representative by Mr. MAHARAJ and NIRVANA HEALTH.  This was done in a meeting on April 29, 2019, in the presence of NIRVANA HEALTH's Human Resources Manager at that time, Monica Montijo.  This position, however, was a drastic demotion from her prior director-level position and had less responsibilities/authority along with a significant drop in compensation as compared to her prior position with Defendants.

31. On April 29, 2019, Defendant, MR. MAHARAJ, told Plaintiff she could not return to work until she officially accepted her demotion and filled out some

written paperwork related to her new positon. Plaintiff agreed that she would review the paperwork related to the new position once MR. MAHARAJ sent it over before deciding whether she would accept such a drastic demotion to a sales and marketing representative position.

32.     MR. MAHARAJ, however, never sent Plaintiff any paperwork related to his offer to demote Plaintiff to a sales and marketing representative. In fact, MR. MAHARAJ intentionally ignored Plaintiff and refused to return any of her emails after Plaintiff left NIRVANA HEALTH's offices on April 29, 2019. Plaintiff was able to get into contact via email with NIRVANA HEALTH's HR Manager, Ms. Montijo, but she was told to only communicate with MR. MAHARAJ regarding her employment offer/status moving forward.

33.     Plaintiff contacted Defendants on multiple occasions via phone and via email to inquire about any potential positions for her to work in and also the demotion which MR. MAHARAJ offered; however to this day Plaintiff has not heard back from Defendants or been offered any position with Defendants.

34.     Defendants terminated Plaintiff when they informed her that her position had been eliminated and refused to respond to Plaintiff about the alleged demotion and/or just refused to provide Plaintiff with any position whatsoever.

35.     Plaintiff was also the only female Director of Defendants' sales and marketing team, which consisted of three other male-employees. Notably, all such male employees continued working for Defendants while Plaintiff was terminated.

36. Plaintiff was also the oldest employee of Defendants' sales and marketing team. Notably, all younger employees continued working for Defendants while Plaintiff was terminated.

37. As a result of the unlawful, discriminatory and retaliatory actions by Defendants, Plaintiff has suffered significant damages in the form of back pay, front pay, lost wages, pain and suffering, emotional distress, compensatory damages, liquidated damages, interest, and reasonable costs and attorneys' fees.

38. As a result of Defendants' intentional and malicious unlawful, discriminatory and retaliatory conduct, which was not done in good-faith, Plaintiff is also entitled to liquidated damages.

39. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COBRA/ERISA ALLEGATIONS FMLA

40. Defendants terminated Plaintiff's employment while on protected FMLA leave on April 29, 2019.

41. Upon her termination on April 29, 2019, Defendants immediately ceased all of Plaintiff's health insurance benefits which she was previously entitled to and paid for as an employee of Defendants.

42. Plaintiff has since received medical bills and demands from her healthcare providers, claiming that her insurance was no longer valid.

43. Plaintiff has since been unable to continue medical treatment for herself or has avoided medical treatment for herself due to her lack of health insurance coverage.

44. Plaintiff therefore sought legal counsel, and retained the undersigned firm in June 2019.

45. In retaining the firm, in June 2019, undersigned counsel informed Plaintiff of her right to bring suit against Defendants for their failure to provide notice of any cancellations of employer-sponsored healthcare coverage and her right to continue her healthcare coverage under an individual plan. Consolidated Omnibus Budget Reconciliation Act (COBRA) 29 U.S.C. § 1162 et seq., 29 U.S.C. §§ 1163(2), 1166.

## COUNT I

## FMLA-INTERFERENCE WITH RIGHT TO TAKE LEAVE

46. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-five (45), above, as if fully set forth herein.

47. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

48. At all times relevant hereto, Defendants' interference with Plaintiff's right to take leave from work violated FMLA.

49. In February 2019, Plaintiff required FMLA protected leave to care for her mother who had a serious health condition.

50. Plaintiff gave Defendants appropriate notice of her need to be absent from work.

51. Defendants approved Plaintiff's FMLA leave until May 1, 2019.

52. On April 29, 2019, Defendants interfered with the exercise of Plaintiff's right to FMLA leave because Defendants pressured Plaintiff to return to work before the end of Plaintiff's agreed FMLA-approved leave (May 1, 2019) and then terminated Plaintiff that same day while Plaintiff was still on FMLA leave.

53. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonably attorneys' fees and costs.

54. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

55. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, Marisa Brunett, demands judgment against Defendant for back pay, reinstatement and in the alternative, front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II

## FMLA – RETALIATION

56. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-five (45), above, as if fully set forth herein.

57. At all times relevant hereto, Defendants retaliated against Plaintiff by terminating her employment because she exercised her right to take leave from work that was protected under the FMLA.

58. At all times relevant hereto, Defendant retaliated against Plaintiff because she took FMLA protected leave to care for her mother who had a serious health condition.

59. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking time off under the FMLA.

60. Prior to the end of Plaintiff's approved FMLA, Plaintiff's employment was terminated by Defendants on April 29, 2019. Thus, the contemporaneous temporal proximity between Plaintiff's exercise of her FMLA rights and her termination establish a sufficient causal connection between her protected FMLA leave and her termination.

61. At all times relevant hereto, Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

62. As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63. Because Defendants cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

64. Defendants' violation of the FMLA was willful, as Defendants engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, Marisa Brunett, demands judgment against Defendants for back pay, reinstatement and, in the alternative, front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys'

fees and costs, and any and all further relief that this court determines to be just and appropriate.

## COUNT III

## COBRA AND ERISA VIOLATIONS

65. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-five (45), above, as if fully set forth herein.

66. Defendants are liable to Plaintiff for an amount calculated pursuant to ERISA, § 502(c)(1) on a daily basis from the date they should have provided COBRA notice to her to the date, if any, that it cancelled her COBRA notice.

67. Defendants were Plaintiff's employer and a plan sponsor of a group health insurance plan and employed more than 20 employees at all relevant times.

68. As a result of Defendant's unlawful actions, Plaintiff was forced to be without insurance.

69. Defendants failed to give proper written notice to Plaintiff of her COBRA rights and the cancellation of her insurance coverage.

70. The statutorily prescribed period of time for Defendants to provide Plaintiff with notice of her COBRA rights and the cancellation of her insurance coverage has lapsed.

71. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants.

WHEREFORE Plaintiff, Marisa Brunett, demands the Court issue a declaratory judgment which determines that Defendants are in violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA) 29 U.S.C. § 1162 et seq., and Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA), and further demands a judgment against Defendants to Plaintiff to recover penalties pursuant to ERISA § 502(c), to recover all pre-judgment interest on any award as required by law, for the Court to retroactively reinstate Plaintiff's medical insurance and to order Defendants to pay all outstanding healthcare bills caused by Defendants' actions, for the Court to award Plaintiff compensatory damages, punitive damages, attorneys' fees, costs and any other relief the Court deems just and proper and/or is allowable.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: August 6, 2019.

Respectfully submitted,

/s/ Gregory R. Schmitz
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.: 0094694
20 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 204-2170
Facsimile: (407) 245-3401
E-mail: gschmitz@forthepeople.com
           mbarreiro@forthepeople.com
*Attorney for Plaintiff*