UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISA BRUNETT,

       Plaintiff,

v.                                 Case No:   6:19-cv-1450-Orl-41GJK

NIRVANA HEALTH SERVICES, INC.,
and SHAM MAHARAJ,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment against Defendants, Nirvana Health Services, Inc. and Sham Maharaj (Doc. 38). Upon consideration, I respectfully recommend that the motion be denied.

Plaintiff Marisa Brunett complains that Defendants Nirvana Health Services, Inc. ("Nirvana Health"), Sham Maharaj, Nirvana Sports Medicine and Rehabilitation Services, LLC ("Nirvana Sports"), and Leo Mendez violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, by interfering with Plaintiff's right to take leave and retaliating against Plaintiff for taking leave (Doc. 19, Counts I and II). Plaintiff also alleges violations of the Consolidated Omnibus Budget Reconciliation Act 29 U.S.C. § 1162, *et seq.*, and Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (Count III) (Id.). All counts are asserted against all Defendants (Id., at 12-17).

Nirvana Sports filed an answer and affirmative defenses (Doc. 29), and the claims against Mendez were stayed due to his filing a suggestion of bankruptcy (Doc. 27). Maharaj and Nirvana Health did not respond, and Plaintiff moved for and obtained clerk's defaults against them (Docs. 33-37).

On December 16, 2019, Brunett moved for default judgments against Maharaj and Nirvana Health (Doc. 38). I recommended that the motion be denied because of the presence of the two non-defaulting Defendants (Doc. 39). Next, Brunett, Nirvana Sports, and Mendez filed a joint stipulation for dismissal with prejudice and Nirvana Sports and Mendez were terminated as Defendants (Docs. 39, 42). Brunett then filed an objection to my report and recommendation based on the nondefaulting Defendants no longer being part of the case (Doc. 44). The Court concluded that the objection "essentially requests that the Court reconsider the Motion under these changed circumstances." (Doc. 45 at 1). The motion for default judgment was then referred back to me "for consideration in conjunction with Plaintiff's Objections." (Id.).

Discussion

Although there is no longer a risk of inconsistent adjudications among defaulting and nondefaulting defendants, I recommend that the motion for default judgment be denied. The returns of service for Maharaj and Nirvana Health do not demonstrate that good and proper service of process on them was accomplished.

The return of service on Maharaj states that he was served at 220 East Central Parkway, #2070, Altamonte Springs, Florida 32701, by serving "**LOIS CONLEY** as **ADMIN. ASSISTANT**, ... within the named person's usual place of Work." (Doc. 33, at 1 (emphasis in original)). Service of process on an individual within a judicial district of the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made ...." FED. R. CIV. P. 4(e)(1). Section 48.031 Florida Statutes provides:

(1)(a) Service of original process is made by delivering a

copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

(b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

(2)(a) Substituted service on the spouse of the person to be served may be made at any place in a county by an individual authorized under s. 48.021 or s. 48.27 to serve process in that county, if the cause of action is not an adversarial proceeding between the spouse and the person to be served, if the spouse requests such service or the spouse is also a party to the action, and if the spouse and person to be served reside together in the same dwelling, regardless of whether such dwelling is located in the county where substituted service is made.

(b) Substituted service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business.

A person's usual place of abode is "the place where the defendant is actually living at the time of service." Shurman v. Atl. Mortg. & Inv. Corp., 795 So. 2d 952, 954 (Fla. 2001). There is no indication that Maharaj lives at 220 East Central Parkway, #2070, that Conley lives there, that Conley is Maharaj's spouse, or that Maharaj is an individual doing business as a sole proprietorship. Thus, the record evidence is insufficient to confer this Court's jurisdiction over him. See Stoeffler v. Castagliola, 629 So. 2d 196, 197 (Fla. 2d DCA 1993) ("service on the business manager does not satisfy the requirements for obtaining personal service on an individual pursuant to section

48.031, Florida Statutes (1991)."); <u>Watkins v. Finch</u>, No. 14-60564-CIV, 2014 WL 12899628, at *2 (S.D. Fla. Nov. 10, 2014) (clerk's default vacated where service was made on receptionist at defendant's office when defendant was not present), <u>aff'd sub nom.</u> <u>Watkins v. Cent. Broward Reg'l Park</u>, No. 18-13938, 2020 WL 40152 (11th Cir. Jan. 3, 2020); <u>Barr v. One Touch Direct, LLC</u>, No. 8:15-CV-2391-T-33MAP, 2016 WL 1621696, at *4 (M.D. Fla. Apr. 22, 2016) ("service was not effected on either [defendant] because serving an office manager does not satisfy the requirement of personal service.").

The return of service for Nirvana Health is also insufficient. It states that service was made c/o Maharaj, on Conley "as **ADMIN. ASSISTANT** for **NIRVANA HEALTH SERVICES, INC.** . . . ." (emphasis in original). Rule 4(h)(1) governs the service of process on a corporation within a judicial district of the United States and provides that service may be made: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." As noted above, service of process on an individual within a judicial district of the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made ...." Section 48.081, Florida Statutes, provides:

> (1) Process against any private corporation ... may be served:
>
>> a.   On the president or vice president, or other head of the corporations;
>> b.   In the absence of any person described in [a.], on the cashier, treasurer, secretary, or general manager;

    c.    In the absence of any person described in [a. or b.], on any director; or

    d.    In the absence of any person described in [a., b., or c.], on any officer or business agent residing in the state.

. . . .

(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

"To bind a corporation for jurisdictional purposes, a return of service must show the absence of all officers of a superior class designated in the statute before service can be obtained by serving an officer or agent of an inferior class." Mattress One, Inc. v. Sunshop Properties, LLC, 282 So. 3d 1024, 1025-26 (Fla. 3d DCA 2019). Alternatively, service may be made on the corporation's registered agent. Id. at 1026. "The object of section 48.081 is to have service made upon someone who is held responsible by the corporation, 'and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation.'" Id. (quoting Morgan Stanley Smith Barney, LLC v. Gibraltar Private Bank & Tr. Co., 162 So. 3d 1058, 1060 (Fla. 3d DCA 2015)). The return of service in Mattress One did not show: (1) "the absence of all officers of a superior class before resorting to service on an officer or agent of an inferior class[;]" (2) "any statement supporting alternative service on the registered agent pursuant to section 48.081(3)[;]" or (3) "that service of process was proper based on the absence of the registered agent." Id. Consequently, the service of process was void and the case was remanded for the default final judgment to be set aside. Id.

- 5 -

Here, as in <u>Mattress One</u>, the return of service for Nirvana Health does not show that all officers of a superior class were absent, that service on an employee of the corporation or Nirvana Health's registered agent was proper because service could not be made on Nirvana Health's registered agent due to failing to comply with Florida Statute section 48.091, or that the registered agent was absent (Doc. 34). The return also does not indicate that Rule 4(h)(1)(B), permitting service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," was satisfied.

Recommendation

As Brunett fails to demonstrate good service of process on Maharaj and Nirvana Health, I **RESPECTFULLY RECOMMEND** that the motion be **DENIED**.

Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on February 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record