UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISA BRUNETT,

    Plaintiff,

v.                                          Case No:   6:19-cv-1450-Orl-41GJK

NIRVANA HEALTH SERVICES, INC.,
and SHAM MAHARAJ,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion for Clerk's Default against Defendants, Nirvana Health Services, Inc. and Sham Maharaj, Individually (Doc. 58). The return of service on Maharaj states that he was served at 13232 Meergate Circle, Orlando, Florida, 32837, by serving his co-tenant Aashal Kuldip, who the process server states is older than fifteen and was informed of the contents (Doc. 57 at 1). Thus, it appears that service of process on Maharaj is proper. See FLA. STAT. § 48.031(1)(a) (2019) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, … or by leaving the copies at his … usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.").

The return of service for Nirvana Health is insufficient. It states that service was made on Kuldip "as **D.O.N. for NIRVANA HEALTH SERVICES, INC.** at the address of 13232 Meergate Circle, Orlando, FL 32837 …." (Doc. 56 at 1 (emphasis in original)). The return also states that "Aashal Kuldip is listed on the most recent corporate report filed with the Florida Division of Corporations as an officer with the title 'D.O.N.'" (Id.)

Rule 4(h)(1) governs the service of process on a corporation within a judicial district of the United States and provides that service may be made: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Service of process on an individual within a judicial district of the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made ...." Section 48.081, Florida Statutes, provides:

> (1) Process against any private corporation ... may be served:
>
>     a.   On the president or vice president, or other head of the corporations;
>     b.   In the absence of any person described in [a.], on the cashier, treasurer, secretary, or general manager;
>     c.   In the absence of any person described in [a. or b.], on any director; or
>     d.   In the absence of any person described in [a., b., or c.], on any officer or business agent residing in the state.
>
>     . . . .
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

"To bind a corporation for jurisdictional purposes, a return of service must show the absence of all officers of a superior class designated in the statute before service can be obtained by serving an officer or agent of an inferior class." Mattress One, Inc. v.

Sunshop Props., LLC, 282 So. 3d 1024, 1025-26 (Fla. 3d DCA 2019). Alternatively, service may be made on the corporation's registered agent. Id. at 1026. "The object of section 48.081 is to have service made upon someone who is held responsible by the corporation, 'and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation.'" Id. (quoting Morgan Stanley Smith Barney, LLC v. Gibraltar Private Bank & Tr. Co., 162 So. 3d 1058, 1060 (Fla. 3d DCA 2015)). The return of service in Mattress One did not show: (1) "the absence of all officers of a superior class before resorting to service on an officer or agent of an inferior class[;]" (2) "any statement supporting alternative service on the registered agent pursuant to section 48.081(3)[;]" or (3) "that service of process was proper based on the absence of the registered agent." Id. Consequently, the service of process was void and the case was remanded for the default final judgment to be set aside. Id.

The return of service for Nirvana Health does not show that all officers of a superior class were absent, that service on an employee of the corporation or Nirvana Health's registered agent was proper because service could not be made on Nirvana Health's registered agent due to failing to comply with Florida Statute section 48.091, or that the registered agent was absent (Doc. 56). There is also no indication what "D.O.N." refers to, and therefore it cannot be discerned who Kuldip is for purposes of determining whether service was proper. The return also does not indicate that Rule 4(h)(1)(B), permitting service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," was satisfied. Plaintiff was previously advised of the law regarding service of process on a corporation in the Report and Recommendation on Plaintiff's motion for entry of a final default judgment

against Maharaj and Nirvana Health (Doc. 46). Despite this, Plaintiff again submits an insufficient return of service as the basis for the entry of default.

Now, the motion for entry of clerk's default as to Maharaj is **GRANTED**, and the clerk is ordered to enter a default against him. The motion is **DENIED** as to Nirvana Health.

**DONE** and **ORDERED** in Orlando, Florida, on April 22, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Counsel of Record
  Unrepresented Parties

- 2 -